UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT CHRISTIAN, III,

        Petitioner,

v.                                     CASE NO. 2:07-10900
                                       HONORABLE VICTORIA A. ROBERTS

JAN E. TROMBLEY,

        Respondent.
_____/

## ORDER OF DISMISSAL

This matter is pending before the Court on the *pro se* habeas corpus petition and motion to remand of Roosevelt Christian, III. The habeas petition and motion were filed on March 1, 2007, but there was no filing fee or application to proceed *in forma pauperis* enclosed with the pleading and motion. Consequently, on March 7, 2007, the Court ordered Petitioner to pay the filing fee or to submit an application to proceed *in forma pauperis* within twenty-one days. The Court's order was mailed to Petitioner, but returned to the Clerk of Court before delivery to Petitioner because the inmate number in the address on the mailing envelope was incorrect. The docket indicates that the Clerk corrected the error and re-mailed the deficiency order to Petitioner.

To date, Petitioner has not responded to the Court's order. However, the Court recently discovered that an identical habeas petition and motion to remand are pending before United States District Judge Tarnow. *See Christian v. Trombley*, No. 2:07-10894 (E.D. Mich. Feb. 28, 2007).

> "As between federal district courts, . . . though no precise rule [concerning the contemporaneous exercise of concurrent jurisdiction] has evolved, the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist.*

> *v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).  Faced with a duplicative suit, the federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit.  *Smith v. SEC,* 129 F.3d 356, 361 (6th Cir. 1997).
>
> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138-39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.,* 259 F.3d 949, 953-54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 Fed. Appx. 435, 438, 2006 WL 2817538 at \*\*3 (6th Cir. 2006) (unpublished opinion) (alterations in original); *see also Piedra v. Aguirre*, 125 Fed. Appx. 968, 969, 2005 WL 705369 at \*\*1 (10th Cir. 2005) (unpublished opinion stating that "[a] district court, as part of its general power to administer its docket, 'may stay or dismiss a case that is duplicative of another federal court suit'" ) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

Petitioner's habeas petition and motion to remand are duplicative of the habeas petition and motion to remand pending before Judge Tarnow in case number 2:07-10894.  Accordingly, the Court exercises its discretion and DISMISSES without prejudice the habeas petition pending before this Court.  The Order Directing Petitioner to Correct Deficiency [dkt. 3, Mar. 7, 2007] is VACATED, and the motion to remand is DENIED as moot.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  April 30, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 30, 2007.

S/Carol A. Pinegar
Deputy Clerk